### Recz v. Recz et al.

*Husband and wife—Desertion—Trustee—Equity—Act of July 17, 1917.*

1. A bill in equity is properly dismissed which was brought by the non-resident alien wife of a husband resident of Pennsylvania, and within the State when the bill was filed, asking for the appointment of a trustee for his property and for support therefrom, on the ground that he had deserted her.

2. In such case, the Act of July 17, 1917, P. L. 1033, does not apply.

Bill in equity. C. P. Allegheny Co., April T., 1925, No. 1666.

*Harry I. Lipnitz,* for plaintiff; *Ben Paul Brasley,* for defendants.

EVANS, J.—The plaintiff files her bill through her sister, Katherina Beves, who alleges she is attorney-in-fact for the plaintiff, but there is no power of attorney filed. The bill is signed by counsel for the plaintiff. The plaintiff alleges that she lives in Czecho-Slovakia, and lived there with her husband until about fourteen years ago, when he left her there and came to America; that he has never contributed to her support since that time, and that he has accumulated real estate and personal property in this country; that he lives at the present time in the City of Pittsburgh, and has lived here except for a very short time when he first came to America, when he lived in New Jersey. Plaintiff prays that Andrew Seres, one of the defendants, whom plaintiff alleges is about to purchase real estate from the defendant Recz, be ordered not to pay the purchase price to Anton Recz, but pay the same to the plaintiff; that Anton Recz be ordered to give bond; that Anton Recz, Andrew Seres and P. T. Tarkanya be restrained by injunction from closing the sale of the real estate; that Rose Made, who it is alleged is living with the defendant in adultery and has valuable personal property which Recz gave her, be declared a trustee for the said personal property; that a trustee be appointed to hold title to the real estate described and rent the same and use the net proceeds therefrom to support and maintain the said Ilona Berez and her minor son. We presume that the last is a mistake. It should be Ilona Recz.

Defendants filed an answer raising a question of law to the allegations of the bill.

1. "The bill of complaint does not set forth nor disclose a cause of action cognizant in a court of equity."

If there was any action which plaintiff's counsel thought they had in this case it must be under the Act of July 17, 1917, § 1, P. L. 1033: "That whenever any person, being a resident of this State, shall have absented himself or herself from his or her home, or shall hereafter absent himself or herself from his or her home, and shall have been unheard of by the immediate members of his or her family for a period of one year, it shall be lawful for either the husband, wife, child or children, or, in the absence of such person or persons, or their inability, the mother, father, brother, sister, next of kin or creditor, to present to the Court of Common Pleas of the county in which

Recz *v.* Recz et al.

said absent and·unheard of person had his residence, his or her petition, under oath, setting forth the facts and praying the court to appoint a trustee for the estate of such person."

Counsel for plaintiff has not directed us to any authority justifying a decree in favor of the plaintiff under the terms of this bill filed, but it only needs to read the section above quoted to illustrate that that act does not give authority to a court in equity to enforce the prayers of this bill. The defendant is living, and has been for nearly fourteen years, in Allegheny County. His residence is well known and is quoted in·the bill. He hasn't left and has no purpose in leaving. If the wife in Czecho-Slovakia has any right in the premises she has ample remedy at law.

The question of law raised in the answer to the bill should be sustained and the bill dismissed.          From William J. Aiken, Pittsburgh, Pa.